**ZIRJACKS v. SCOFIELD, Collector of Internal Revenue.**

**Civ. A. No. 525.**

United States District Court
W. D. Texas, Austin Division.

Oct. 31, 1951.

Muckleroy McDonnold, San Antonio, Tex., for plaintiff.

Charles F. Herring, U. S. Atty., San Antonio, Tex., for defendant.

---

RICE, Chief Judge.

This matter having come on regularly for hearing at the Austin term of Court held in June, 1951, and the cause having been submitted on the pleadings, stipulation of facts and briefs having been filed by the parties, and the Court having duly considered the facts, the issues of law and the argument of counsel now renders the following:

### Findings of Fact

#### I.

Kate A. Zirjacks, hereinafter referred to as the taxpayer, was the sole beneficiary under the will of Charles C. Zirjacks, hereinafter referred to as the decedent, who died testate on April 27, 1944. Administration of the decedent's estate was not necessary. His will was admitted to probate as a muniment of title by the County Court of Victoria County, Texas, May 16, 1944.

#### II.

Frank Scofield was and at all times material to this action is the United States Collector of Internal Revenue for the First Collection District of Texas.

#### III.

On August 24, 1939, the decedent and his wife transferred certain community property to Frank Guittard. The deed of conveyance contained among other things the following:

"That whereas, Chas. C. Zirjacks and wife, Kate A. Zirjacks, of Victoria County, Texas, are the owners of the entirety of the hereinafter described property constituting a part of their community estate, and they desire to convey the hereinafter described property to Frank Guittard, of Victoria County, Texas, in order that he may convey to Chas. C. Zirjacks and Kate A. Zirjacks as Trustees, all of the hereinafter described property, creating in such conveyance an irrevocable trust for the benefit of the children of said Chas. C. Zirjacks and Kate A. Zirjacks."

#### IV.

On August 25, 1939, Frank Guittard reconveyed the identical property to the decedent and the taxpayer as trustees for Constance Zirjacks Fimbel and Winston L. Zirjacks, children of the trustees (the decedent and the taxpayer).

#### V.

The deed of conveyance from Frank Guittard provided among other things the following:

"I. Term of Trust. This trust shall continue and exist from and after the date hereof to the date of the death of Zirjacks. This trust may be sooner terminated at any time by the sole decision and in the sole discretion of the acting trustees or trustee hereunder. This trust shall also terminate if the surviving or remaining sole trustee should become totally and permanently incapacitated and unable to act as trustee, or fail or refuse to act as such trustee, as mentioned hereinafter.

\* \* \* \* \* \*

"III. Beneficiaries. This trust is for the benefit of Constance Zirjacks Fimbel and Winston L. Zirjacks, hereinafter called 'beneficiaries', and the survivor of them, and in the event of the death of either of said named beneficiaries before the termination of this trust, this trust is also for the benefit of the surviving child or children, if any, of the body of such original beneficiaries as dying before the termination of this trust. \* \* \*

"XI. Termination of Trust. Upon the termination of this trust from whatever cause, and from any of the causes set out in Section I hereinabove, thereupon the equitable and legal title to all of the property of the trust estate shall automatically and immediately pass to and vest in the said Constance Zirjacks Fimbel and Winston L. Zirjacks, share and share alike, \* \* \*.

"XII. Right of Amendment. Said Chas. C. Zirjacks and Kate A. Zirjacks, and the survivor of them, shall have the right and power to amend, change or alter this trust and the provisions of this instrument, or any part thereof, in any way, at any time and from time to time and successively, as they may deem proper; provided that they shall have no power to make any amendment, alteration or change hereto whereby they or either of them shall ever receive, directly or indirectly, any portion of the income or corpus of said trust estate, and

shall have no power to make any alterations, change or amendment hereto extending the time of duration of this trust, and shall have no power to make any change or amendment making any change in the provisions of this instrument concerning the beneficiaries hereunder.

"XIII. Irrevocability. The trust herein created shall be irrevocable, and neither said Chas. C. Zirjacks nor Kate A. Zirjacks shall ever be entitled to any part of said trust estate or any income therefrom, except compensation for services rendered, if compensation is charged under Section I hereinabove." .

## VI.

On June 11, 1943, the decedent and the taxpayer, as trustees and as individuals under the powers conferred by Section XII of the trust instrument amended the trust instrument to provide for the termination of the trust on July 1, 1949, unless sooner terminated under the provisions of the original trust instrument.

## VII.

On July 5, 1945, the taxpayer filed an estate tax return for the estate of Chas. C. Zirjacks and tendered $1,989.40 therewith, being the amount of the estate tax as computed in the return. By letter dated December 21, 1945, the taxpayer received notice of a proposed additional assessment of estate taxes in the amount of $17,220.20 provided the taxpayer supplied evidence of having paid state estate, inheritance, legacy, or succession taxes in the amount of $503.-61, or a proposed assessment of $17,723.81 if such evidence was not supplied. The additional taxes thus proposed were based on the inclusion in the estate of the fair market value at the date of death of property held in trust and other adjustments not material to this suit. The fair market value of the property thus held in trust at date of death was $68,044.35.

## VIII.

Additional taxes of $17,220.20, plus interest, were assessed against the taxpayer on the January, 1946, assessment list and were paid by the taxpayer to the Collector on January 2, 1946.

## IX.

On December 24, 1947, the taxpayer filed with the Collector a claim for refund of the estate taxes paid by the taxpayer in the amount of $19,713.21, alleging in the claim that the Commissioner erred in (1) including in the estate the value of the property held in trust; (2) including in the estate the value of property belonging to the surviving spouse; (3) increasing the value of the real estate, stocks and bonds reported in the return; and (4) disallowing the credit for state inheritance tax.

## X.

By registered letter dated September 10, 1948, the Commissioner of Internal Revenue formally rejected the claim for refund.

## XI.

On July 31, 1950, the taxpayer brought suit on the rejected claim for refund, alleging the right to recover upon the first ground set out in the refund claim, or, in the alternative the right to recover upon the fourth ground set out in the claim. Any right to recover upon grounds two and three set out in the claim was abandoned.

## XII.

The proposed additional deficiency of $503.61, which was postponed pending evidence of payment of state inheritance taxes in that amount, was never assessed and the taxpayer abandons any claim to refund in respect of the $503.61.

### Conclusions of Law

#### I.

That at the time of the death of Chas. C. Zirjacks he with the taxpayer, Mrs. Kate A. Zirjacks, were trustees under a deed of trust.

#### II.

The decedent and the taxpayer were the grantors of the trust.

#### III.

The decedent, at the time of his death, with the taxpayer had the power to either withhold or pay out the income or corpus of the trust to either or each of the named beneficiaries.

## IV.

The decedent, at the time of his death, with the taxpayer had the power to terminate the trust.

## V.

The fair market value of the trust was includible under Section 811(d) of the Internal Revenue Code, 26 U.S.C.A. § 811(d), in decedent's gross estate for federal estate tax purposes.

## VI.

The determination made by the Commissioner that the value of the trust was includible in decedent's gross estate for federal estate tax purposes was correct.

## VII.

Plaintiff has failed to sustain her burden of proof that the Commissioner erred in his determination.

## VIII.

The evidence, together with inferences properly drawn therefrom, does not justify judgment in favor of the plaintiff in the amount claimed, nor in any amount whatsoever.

## IX.

The defendant is entitled to judgment for his costs.

## X.

The foregoing Findings of Fact and Conclusions of Law are ordered to be filed and made part of the record herein.